# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW JACOB KOMORECH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-163 NAB |
| | ) | |
| CAPE GIRARDEAU COUNTY | ) | |
| SHERIFF'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, an inmate at the Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.74. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates that his average monthly deposit is $123.74. Accordingly, his initial partial filing fee is $24.74.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants in this action are: the Cape Girardeau County Sheriff's Office; the Cape Girardeau County Jail; the Cape Girardeau County Justice Center; the Cape Girardeau County Detention Center; and Lieutenant T.C. Stevens. Plaintiff brings this action against Lieutenant Stevens in his individual and official capacity.

Plaintiff claims that he was placed in C-Pod Cell 204 at the Cape Girardeau County Detention Center by an unnamed correctional officer on or about August 14, 2017. Plaintiff claims that the officer, as well as his supervisor T.C. Stevens, knew that the cell door did not lock from the outside and was a safety concern in that other inmates could open the cell without the consent of the correctional officers on duty. Plaintiff states that he told several officers, including Stevens about his concerns for his safety as a result of the problems with the cell door failing to lock, but the cell lock was not fixed, nor was he removed from the cell.

Plaintiff claims that around 2:00 a.m. on August 18, 2017, "more than one inmate" came into plaintiff's cell and beat him, utilizing their ability to open his cell from the outside. Plaintiff states that he was badly beaten, two of his teeth were knocked out, his shoulder was injured and he had various bruising on his body. Plaintiff claims that he submitted sick calls to the medical staff but his medical needs were not treated. Plaintiff claims he also submitted grievances about the incident to Lt. Stevens, but his grievances were also not answered.

Plaintiff asserts that these defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He also claims that defendants failed to protect him in violation of the Eighth Amendment.

Plaintiff seeks damages and injunctive relief in this action.

**Discussion**

The Court believes plaintiff has alleged enough facts to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment with respect to Lt. Stevens, as well as enough facts for a failure to protect claim in violation of the Eighth

Amendment. Both claims will issue on defendant in his individual capacity only, however, as plaintiff has not alleged that defendants acted pursuant to an unlawful policy or custom.[1]

The Court, however, will dismiss plaintiff's claim against the Cape Girardeau County Justice Center, Detention Center, Jail and/or Sheriff's Office. Plaintiff's claims against these entities are legally frivolous because they cannot be sued. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Furthermore, plaintiff's motion for appointment of counsel will be denied. Plaintiff has shown from his pleading that he has the ability to pursue his claims in his action by himself at this time. And the claims are straightforward an uncomplicated. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $24.74 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant T.C. Stevens at the Cape Girardeau County Detention

---

[1] To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff has not alleged such a policy or custom.

Center in his individual capacity only. Defendant shall be served by issuance of summons by the U.S. Marshal's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant T.C. Stevens shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Cape Girardeau County Sheriff's Office; the Cape Girardeau County Jail; the Cape Girardeau County Justice Center; and the Cape Girardeau County Detention Center because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on the complaint as to the official capacity claims against T.C. Stevens because these claims are legally frivolous or fail to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 12th day of December, 2017.

        /s/ Jean C. Hamilton
        JEAN C. HAMILTON
        UNITED STATES DISTRICT JUDGE